JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROSE CABRERA

**DEFENDANTS**
Michaels Stores, Inc.

**(b)** County of Residence of First Listed Plaintiff   Cumberland, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Todd B. Jacobs, LLC
30 S. 17th Street, Suite 810, Phila, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 USC 1332(a)(1)

Brief description of cause: Injured left hand/thumb at RETAIL STORE.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   1-26-22

SIGNATURE OF ATTORNEY OF RECORD   Todd B. Jacobs

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ROSE CABRERA        :
304 Jays Avenue       :
Williamstown, New Jersey 08094  :
             :
       Plaintiff   :
             :  NO:
   v.          :
             :
MICHAELS STORES, INC.    :
8000 Bent Branch Drive     :
Irving, Texas 75063      :
   and         :
ABC CORP. 1-20       :
   and         :
JOHN DOE 1-20       :
       Defendants  :

## CIVIL ACTION COMPLAINT

## THE PARTIES

1. Plaintiff, ROSE CABRERA, is an adult individual, residing at 304 Jays Avenue, Williamstown, New Jersey 08094.

2. Defendant, MICHAELS STORES, INC., is a corporation or other business entity authorized and existing under the laws of the State of Texas, maintaining its principal place of business at 8000 Bent Branch Drive, Irving, Texas 75063.

3. Defendants, ABC CORP. 1-20 are corporations, affiliates, subsidiaries and/or partners of the Defendants and/or vendors and/or business entities and/or fictitious corporations designating the owner, operator, maintainer, possessor, lessor, lessee, involved in the maintenance, safety, management, care, custody, control, cleaning, supervision, inspection and/or upkeep of bathrooms located at the subject premises.

4. Defendants, John Does 1-20 are individuals, fictitious names designating the owner, operator, maintainer, possessor, lessor, lessee, agents, servants, workmen and/or employees alter

egos and/or representatives involved in the maintenance, safety, management, care, custody, control, cleaning, supervision, inspection and/or upkeep of the bathrooms located at the subject premises.

5.      At all times relevant hereto, the Defendants, jointly, severally and/or individually by and through their respective agents, servants, workmen, employees and/or contractors owned, operated, supervised and/or controlled the bathrooms located inside of the "Michaels" located at 3849 S. Delsea Drive, Suite A-3, Vineland, New Jersey 08360.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

7.      Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the District of New Jersey in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      Plaintiff reavers and incorporates by reference all of the allegations of Paragraphs 1 through 7, inclusive, and set forth the same as though said Paragraphs were herein provided in full.

9.      At all times material to this Civil Action, Plaintiff, ROSE CABRERA, was a business invitee of the Defendants at the "Michaels" located at 3849 S. Delsea Drive, Suite A-3, Vineland, New Jersey 08360.

10.     At all times relevant and material to this Civil Action, Defendants, MICHAELS STORES, INC. and/or ABC Corps. 1-20 and/or John Does 1-20, jointly and/or severally owned, controlled, operated, and/or maintained the premises known as "Michaels" located at 3849 S.

Delsea Drive, Suite A-3, Vineland, New Jersey 08360, including but not limited to the bathrooms inside of the said premises.

11.     At all times material hereto, Defendants, MICHAELS STORES, INC., and/or ABC Corps. 1-20 and/or John Does 1-20, jointly and/or severally, acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants herein, jointly and/or severally, in furtherance of their business and on their behalf.

12.     On or about December 1, 2020, Plaintiff, ROSE CABRERA, was a business invitee lawfully inside of the bathroom at "Michaels" located at 3849 S. Delsea Drive, Suite A-3, Vineland, New Jersey 08360, when an unsecured toilet paper dispenser partially detached from wall and fell on to the Plaintiff's left hand/wrist, causing the Plaintiff to sustain serious personal injuries hereinafter more fully set forth.

13.     The aforesaid incident was due to the negligence and carelessness of Defendants herein, jointly and/or severally and/or individually, and was due, in no way whatsoever, to any act and/or failure to act on the part of Plaintiff, ROSE CABRERA.

## COUNT I
## PLAINTIFF, ROSE CABRERA V. DEFENDANT, MICHAELS STORES, INC.

14.     Plaintiff reavers and incorporates by reference all of the allegations of Paragraphs 1 through 13, inclusive, and sets forth the same as though said Paragraphs were herein set forth at length.

15.     The aforementioned incident, and the resulting injuries and/or damages sustained by plaintiff, directly and proximately resulted from the negligence and carelessness of the Defendants, which conduct consisted of:

      a.      Failing to properly and adequately maintain the bathroom and toilet paper dispenser in a reasonably safe condition, so that persons would not be unnecessarily or unreasonably be exposed to danger;

b. Failing to warn persons lawfully upon the premises of said dangerous and hazardous condition;

c. Failing to implement appropriate remedial measures, by repairing and/or replacing the hazardous dispenser when the Defendant knew, and/or should have known for some time, of the dangerous and hazardous condition of the bathroom;

d. Causing and/or permitting a dangerous and hazardous condition to exist which the defendant knew or should have known caused an unreasonable risk of harm to plaintiff and others;

e. Failing to properly inspect and maintain said toilet paper dispenser;

f. Creating and permitting a foreseeable risk of harm to persons legally permitted to use the bathroom;

g. Failing to make said premises reasonably safe;

h. Otherwise defendants were negligent and careless under the circumstances in the hiring, employing and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly inspect, maintain, and repair the area where this incident occurred.

16. As a direct result of the Defendant's negligence and carelessness, plaintiff sustained injuries to her left thumb and wrist, causing ligament tearing at the base of the thumb, necessitating surgical intervention on two separate occasions, together with other injuries, the exact extent of which are unknown at this time.

17. As a direct result of the negligence and carelessness of the Defendants, Plaintiff has in the past suffered and may in the future suffer physical pain and anguish; she has suffered a loss of the enjoyment of her usual and daily activities and has been in the past and may in the future be hindered from engaging in her usual and daily duties, occupations, pleasures and activities.

18.    As a direct result of the aforesaid, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various expenses and she may be obliged to incur such expenditures in the future, some or all of which are recoverable in this matter.

**WHEREFORE**, Plaintiff, ROSE CABRERA, demands judgment against Defendant, MICHAELS STORES, INC., in her favor, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit and any other damages allowed by law.

## COUNT II
## PLAINTIFF, ROSE CABRERA V. DEFENDANT, ABC CORP. 1-20

19.    Plaintiff reavers and incorporates by reference all of the allegations of Paragraphs 1 through 18, inclusive, and sets forth the same as though said Paragraphs were set forth herein at length.

20.    The negligence and carelessness of Defendant, ABC CORP. 1-20, jointly and/or severally, consisted of the following:

a.    Allowing and causing a dangerous and defective condition to exist on the aforesaid premises, which Defendants herein, jointly and/or severally, knew, or should have known, by the exercise of reasonable care;

b.    Failing to correct said dangerous and defective conditions of which Defendants herein, jointly and/or severally, knew, or should have known, and which constituted a danger to business invitees lawfully thereon, especially Plaintiff herein;

c.    Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by business invitees, especially Plaintiff herein;

d.    Failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to business invitees, especially Plaintiff herein;

e.    Failing to provide and maintain a safe toilet dispenser for Plaintiff and

other persons lawfully upon the premises;

f.      Disregarding the rights and safety of Plaintiff herein;

g.      Failing to inspect said bathroom at reasonable intervals in order to determine the condition thereof;

h.      Failing to exercise due care under the circumstances;

i.      Failure to repair, fix or cure the aforesaid dangerous condition;

j.      Violating the applicable ordinances, statutes, codes and/or building codes of the County of Camden and/or the State of New Jersey; and

k.      Negligence at law.

21.    As a direct and proximate result of the negligence and carelessness of the Defendant, ABC Corp. 1-20, jointly and/or severally, Plaintiff, ROSE CABRERA, suffered the injuries and losses hereinabove described.

**WHEREFORE**, Plaintiff, ROSE CABRERA, demands judgment against Defendant, ABC Corp. 1-20 jointly and/or severally and/or individually, in her favor, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

## COUNT III
## PLAINTIFF, ROSE CABRERA V. DEFENDANT, JOHN DOE 1-20

22.    Plaintiff reavers and incorporates by reference all of the allegations of Paragraphs 1 through 21, inclusive, and sets forth the same as though said Paragraphs were set forth herein at length.

23.    The negligence and carelessness of Defendant, JOHN DOE. 1-20, jointly and/or severally, consisted of the following:

a. Allowing and causing a dangerous and defective condition to exist on the aforesaid premises, which Defendants herein, jointly and/or severally, knew, or should have known, by the exercise of reasonable care;

b. Failing to correct said dangerous and defective conditions of which Defendants herein, jointly and/or severally, knew, or should have known, and which constituted a danger to business invitees lawfully thereon, especially Plaintiff herein;

c. Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by business invitees, especially Plaintiff herein;

d. Failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to business invitees, especially Plaintiff herein;

e. Failing to provide and maintain a safe toilet dispenser for Plaintiff and other persons lawfully upon the premises;

f. Disregarding the rights and safety of Plaintiff herein;

g. Failing to inspect said bathroom at reasonable intervals in order to determine the condition thereof;

h. Failing to exercise due care under the circumstances;

i. Failure to repair, fix or cure the aforesaid dangerous condition;

j. Violating the applicable ordinances, statutes, codes and/or building codes of the County of Camden and/or the State of New Jersey; and

k. Negligence at law.

24. As a direct and proximate result of the negligence and carelessness of the Defendant, JOHN DOE. 1-20, jointly and/or severally, Plaintiff, ROSE CABRERA, suffered the injuries and losses hereinabove described.

**WHEREFORE**, Plaintiff, ROSE CABRERA, demands judgment against Defendant, John Doe 1-20, jointly and/or severally and/or individually, in her favor, in an amount in excess

of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

## JURY DEMAND

Plaintiff, ROSE CABRERA, demands a jury trial.

LAW OFFICES OF TODD B. JACOBS, LLC

BY:_____

TODD B. JACOBS, ESQUIRE
Attorney for Plaintiff
NJ Identification No: 01264-2007
E-mail: todd@tbjacobslaw.com

BY:_____

LAUREN D. STONER, ESQUIRE
Attorney for Plaintiff
Identification No: 05384-2013
E-mail: lauren@tbjacobslaw.com

30 S. 17th Street, Suite 810
Philadelphia, Pennsylvania 19103
267-687-0379 - Office
267-538-1362 - Facsimile